Cyrus Griffin
   Plaintiff,

vs.

Captain Michael Cleaver, et. al.
   Defendants,

FILED
PRISONER
3:03CV1029 (DJS) (TPS)

2004 MAY 24 P 5:04

U.S. DISTRICT COURT
BRIDGEPORT, CONN

May 17, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS

The plaintiff sues the defendants pursuant to Title 42 USC § 1983, asserting claims for the unconstitutional denial and violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiff contest to the issuance of two disciplinary reports, the subsequent placement in the Restrictive Housing Unit as punitive segregation, and the subsequent designation of security risk group affiliation that subsequently placed the plaintiff in Northern Correctional Institution (a level 5 maximum security facility) where the plaintiff currently resides. The plaintiff assert claims that the reports were unfairly issued, that the disciplinary hearings were not conducted in an impartial manner, that the plaintiff's advocate was ineffective and absent to the hearing, that the plaintiff was found guilty on the basis of unreliable confidential informants statements, and that the plaintiff was not permitted to call some witnesses. The plaintiff is suing all defendants in their individual capacity and one defendant in both capacities, official as well as individual. The plaintiff seek injunctive relief such as his release to general population from Northern Correctional Institution and the expunging of the aforementioned disciplinary convictions from his institutional record, and compensatory and punitive money damages.

## ARGUMENT

### 1.) THE DEFENDANTS ARE NOT BEING SUED IN THEIR OFFICIAL CAPACITIES FOR MONETARY DAMAGES

According to the plaintiff's Civil Rights Complaint, Defendant Brian Murphy is the only defendant being sued in his official capacity and monetary damages is not what he being sued for, as the defendants' Motion To Dismiss implied.

Defendant Murphy is being sued in his official capacity for an injunction, which is perfectly legal. You can sue a state official - but not the state itself - for an injunction in his official capacity. As shown in Kentucky v. Graham, 473 U.S. at 167 n.14.; Ex parte Young, 209 U.S. 123, 159-60 (1908); ACLU of Mississippi v. Finch, 638 F.2d 1336, 1340-42 (5th Cir. 1981).

This is true even if the state will have to spend money to comply with the injunction. Edelman v. Jordan, 415 U.S. at 667-68.

### 2.) THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY NOR PROTECTION BY THE ELEVENTH AMENDMENT

The Defendants' Motion To Dismiss suggest that this case be dismissed because they're protected by the Eleventh Amendment and Immunity, because they was acting in their official capacity and can't be sued in their individual capacity neither. But, The Supreme Court has rejected this argument. Hafer v. Melo, 112 S.Ct. at 363.

Qualified immunity protects officials from damage liability in civil rights cases unless they violate "Clearly established statutory or Constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). Anderson v. Creighton, 483 U.S. 634, 641, 107 S.Ct. 3034 (1987). Davis v. Scherer, 468 U.S. 183, 191, 104 S.Ct. 3012 (1984).

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed 2d 90 (1974); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

With that in consideration, we see clearly from the complaint that the defendants was well involved with a conspiracy & participating in that conspiracy they violated "clearly established statutory or constitutional rights of which a reasonable person would have known."

Officials are also expected to use common sense in assessing their legal obligations. See Sepulveda v. Ramirez, 967 F.2d at 1416; Howard v. Adkison, 887 F.2d at 140; Walters v. Western State Hosp. 864 F.2d at 699; Doe v. Rentrow, 631 F.2d 91, 93 (7th Cir. 1980), cert. denied, 451 U.S. 1022 (1981).

### 3.) THE PLAINTIFF IS CONSTITUTIONALLY PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

In the defendants' Motion To Dismiss they mistakingly claim that the plaintiff challenges his classification. The plaintiff argued the due process that was denied in the process of bringing about this classification, in his complaint.

Inmates are entitled to advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence and, finally, a written statement of the disposition, including supporting facts and reasons for the action taken. Kalwasinki v. Morse, 201 F.3d 103 (2nd Cir. 1999).

Assuming that the court is accepting the complaint and all factual allegations in the complaint as true, everything the plaintiff was entitled to in the disciplinary hearing was denied in some way form or fashion.

## CONCLUSION

With respect to everything in this MEMORANDUM OF LAW, the plaintiff ask respectfully for the continuance of this case.

BY: *Cyrus Griffin*
Cyrus Griffin
The Plaintiff

Northern C.I.
P.O. Box 665
Somers, CT. 06071

Cyrus Griffin

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by U.S. mail, postage prepaid, this 17th day of May, 2004, to: Kathleen A. Keating, Assistant Attorney General, 110 Sherman Street, Hartford, CT. 06105

Cyrus Griffin
Cyrus Griffin
Plaintiff