UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Cyrus Griffin
Plaintiff,

vs.

Cleaver, ET AL,
defendants.

3:03CV1029 (DJS) (TPS)

December 28, 2004

**FILED**

2005 JAN -6 P 4: 09

U.S. DISTRICT COURT
BRIDGEPORT CONN.

## ▬ PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR Judgement ON THE PLEADINGS

The pro se inmate plaintiff brings this civil rights action pursuant to Title 42 U.S.C. § 1983. The plaintiff alleges that he was not afforded due process at two disciplinary hearings. As a result of this alleged denial of due process the plaintiff was placed in close custody at Northern C.I., where he presently resides. The Defendants of this case has filed a motion for Judgement on the pleadings seeking judgement in their favor. The plaintiff has filed a counter Motion for judgement on the pleadings seeking judgement in his favor & he believe judgement should be granted favoring him for the below stated reasons:

1) The majority of the defendants' Motion is based on a misinterpretation of the plaintiff's complaint.

2) There are material facts & truth that are in dispute thats too complicated to be settled on this Judgement pleadings alone.

3) Contrary to the argument of the defendants, the plaintiff has alleged sufficient personal involvement on behalf of defendant Murphy in his complaint.

### Standard Of Review

In considering a motion for judgement on the pleadings, the court must accept as true all of the well pleaded facts alleged in the complaint & draw all reasonable inferences in favor of the non-moving party. The court may not render judgement in favor of the defendant unless it is convinced that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See LoSacco v. Middletown, 745 F.Supp 812 (D.Conn. 1990)

<u>ARGUMENTS</u>

1.) <u>THE MISINTERPRETATION OF THE COMPLAINT BY THE DEFENDANTS</u>

Sections 1, 2A & 2B of the defendants' motion for judgement on the pleadings, sole arguments are based on a misinterpretation of the plaintiff's complaint. The plaintiff, who is a pro se inmate, erroneously indicated in the party section of his amended complaint that he is suing all of the defendants in their official capacities in addition to their individual capacities. The defendants are trying to misconstrue, misinterpret & capitilize off a honest mistake of a pro se litigant with no legal training.

The plaintiff attempted to sue one defendant in his official capacity. That defendant was Brian Murphy & that was settled in the ruling of the Motion of dismiss of this case.

2.) <u>MATERIAL FACTS & TRUTH THAT'S TOO COMPLICATED TO BE SETTLED ON THIS</u>
<u>Judgement PLEADINGS</u>

In section 4 of the arguments in the ~~~~~~~~~~ Motion of Judgement pleadings by the defendants, they state the plaintiff failed to exhaust his administrative remedies. They go on to indicate that the plaintiff merely said he appealed both hearing decisions to defendant Murphy, but he didn't attach copies or prove it.

Everything in the complaint is to be considered as factual, (see Standard of Review), the appeals was filed & defendant Murphy decided on them.

In section 7 of the defendants' motion for judgement on the pleadings, the defendants claim the plaintiff has not stated a claim for a violation of his right of the Due Process Under The Fourteenth Amendment.

The plaintiff argue that the facts of the complaint do show a claim for violation of his right to due process under the Fourteenth Amendment. As a result of this violation the plaintiff was placed in Northern C.I. Where he suffer, " atypical and significant hardship in relation to the ordinary incidents of prison life," that give rise to the liberty interest under sandin. The plaintiff have been at Northern C.I. for the last two &

a half years. (Every since the thirty days of his confinement in segregation was up.) The plaintiff received fifteen days in segregation for each charge. In addition to the 90 days loss of telephone, 60 days loss of social visits, 30 days confined to qaurter, 30 days loss of recreation & another 60 days loss of phone.

Whether or not Northern C.I. Meet the sandin criteria can't be determined on this motion. As well as the other issues mentioned in this section of the argument.

3.) THE PLAINTIFF HAS ALLEGED SUFFICIENT PERSONAL INVOLVEMENT OF THE DEFENDANT MURPHY.

Prison personnel may be held liable for their failure to act if it causes a Constitutional violation. "Acts of Omission are actionable ... to the extent as acts of Commission." Smith V. Ross, 482 F.2d 33, 36 (6th Cir. 1908); Estelle V. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). Officials or employees who know or reasonably should know, of a constitutional violation may be held liable if they fail to do anything about it. Al-Jundi vs. Mancusi, 926. F.2d 235, 240 (2d Cir. 1991), cert denies, 112 S.Ct. 182 (1991); Greason V. Kemp, 891 F.2d 829, 838, 840; Bolin V. Black, 895 F.2d 1343, 1347-48 (8th Cir. 1969)

## CONCLUSION

For all the above stated reasons, I ask the court to rightfully make Judgement in favor of the plaintiff in agreement with arguments presented.

Plaintiff, Cyrus Griffin

Cyrus Griffin

Cyrus Griffin # 262443
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by U.S. Mail this 28th day of December 2004, to: Assistant Attorney General Kathleen A. Keating

110 Sherman Street

Hartford, CT. 06105

Cyrus Griffin

Cyrus Griffin
Plaintiff